# Knapp *versus* Hortung.

1. The supreme court will not reverse a judgment merely because of a slight error in the instructions of the court below to the jury, which could have done no injury to the plaintiff in error.

2. Trespass quare clausum fregit et de bonis asportatis will not lie to recover damages for the removal by the defendant from his own land of saw logs which had been deposited there by the plaintiff, under an agreement with the defendant that the plaintiff would remove them by a certain time, but which he failed, after notice, to do.

April 20th 1883. Before MERCUR, C. J. GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county:* Of January Term 1881, No. 276.

Trespass *quare clausum fregit et de bonis asportatis*, by Alanson Knapp against Samuel Hortung, to recover damages for breaking and entering plaintiff's close, and carrying away certain timber. ties of the alleged value of $2,500. Pleas, not guilty, and the statute of limitations. The case was twice tried. The first trial resulted in a verdict for plaintiff. On error to the supreme court, the judgment thereon was reversed and a new trial ordered. See 23 P. F. S. 290.

On the second trial, before WALKER, J., the plaintiff offered in evidence an agreement between himself and Michael Hortung, father of the defendant, bearing date February 15th 1859, by which Michael Hortung sold to Alanson Knapp all the timber on a certain tract of land then belonging to Michael Hortung. The agreement further provided that the vendor was to let " said Alanson Knapp have a convenient road or way to get out on the public road with said timber, without charging any damages, and to let said A. Knapp have all said timber, excepting the bark which is peeled and the staves which are made already, and to give him possession of the timber immediately, and also to leave him four years' time from the above stated date to take off said timber."

Upon the execution of this agreement, Knapp took possession of the timber tract, paid the purchase money, and commenced to cut down timber thereon. In 1860 or 1861, Michael Hortung died and all his lands, including the tract, of which the timber had been granted, descended to Samuel Hortung, the defendant, as heir at law. During the winter of 1861 and 1862, Knapp hauled some logs from the tract and deposited them in a meadow belonging to the defendant and not included in the written agreement. This was done with the verbal consent of Samuel Hortung, upon condition that the logs should be taken off in the spring, before they would injure the grass. The plaintiff further contended and offered evidence to prove, that on April 2d

[Knapp v. Hortung.]

1862, Knapp went upon this meadow for the purpose of hauling away the logs which he had deposited there ; that he found Samuel Hortung, with men, team and horses, sawing up and carrying away these logs. That upon making a demand for this timber, Hortung refused to surrender it and wrongfully carried it away and converted it to his own use; that the only way by which he could haul away the remaining timber upon the tract was across this meadow.

The defendant answered to this that no force or threat of any kind had been employed by the defendant to prevent the removal of said logs by the plaintiff. That on the contrary two notices had been given to Knapp to remove them. That he failed for two weeks after the first notice to do anything toward their removal. That thereupon the defendant proceeded to remove the same from the land. The defendant claimed that his acts did not amount to a trespass, for which the plaintiff could recover as to these logs, in the form of action which the plaintiff had elected. That the placing of the logs on the lands, their continuance there, the custody which defendant had of them while in his care on his land, arose out of their verbal contract in relation thereto, and that when the plaintiff failed to remove logs within the time agreed upon, and permitted them to remain on the meadow to the defendant's injury, he was not liable in an action such as this, if he removed them.

The evidence taken at the trial was conflicting.

The plaintiff presented, inter alia, the following point :

3. If the jury believe that Knapp went, on the 2nd of April 1862, to the meadow for the purpose of removing the timber from the said meadow or the wood land in controversy, and the defendant, with a number of his workmen, were in the actual possession of the meadow, and, as the owner and occupant of said farm land, of the timber land subject to the possession of plaintiff, and then ordered plaintiff to remain off the land, such warning, under the circumstances, was sufficient force or show of force to constitute a trespass, and plaintiff was not bound to make a forcible attempt to enter and take possession of his logs before bringing this suit.

Answer. If the jury find that there was any direct force used by defendant, or a show of force sufficient to deter or prevent plaintiff from entering upon the land or removing the logs—then we affirm this point. (Second assignment of error.)

The defendant presented the following point :

6. That it is the uncontradicted evidence in this case that the timber placed by Knapp in the meadow was placed there by the permission of Samuel Hortung, to be removed by Knapp at such time as would do no injury to the grass ; that said part of the meadow was not included in the articles of agreement of

16th February 1859, and that by reason of said verbal agreement Hortung became the bailee of said timber, and Knapp having failed to remove such timber, if the jury find notice was given, and that the same was reasonable, and Hortung, having removed the same, would not thereby become liable in this action of trespass, and the verdict of the jury as to such timber should be in favor of the defendant.

Answer. If the jury find the facts as stated in this point, then we affirm it. (Third assignment of error.)

The court charged the jury, inter alia, as follows :

"The question is, did the defendant, with force, prevent or exclude the plaintiff from entering upon any part of the land (the locus in quo, described in the agreement of 15th February 1859, between Hortung and Knapp before the 12th July 1862, when this suit was commenced), or did the defendant appropriate without Knapp's assent any of the logs in the meadow belonging to plaintiff, to his, defendant's, own use. If so, then we say such acts would constitute trespass on the part of defendant. If under all the evidence in the case you determine this in the negative, to wit, that there was no breach of plaintiff's close and no appropriation of his logs, then your verdict should be for the defendant." (First assignment of error.)

Verdict for the defendant and judgment thereon. The plaintiff thereupon took this writ of error, assigning for error, the answers to the points and the portion of the charge quoted above.

*James Ryon* (with him *Hughes & Farquhar*), for the plaintiff in error.

*Geo. R. Kaercher* (with whom was *S. H. Kaercher*), for defendant in error

Mr. Justice PAXSON delivered the opinion of the court, May 21st 1883.

The plaintiff has certainly been unfortunate in this case. The first trial resulted in a verdict in his favor. He was not satisfied with the amount and the court below set it aside on his motion and granted a new trial. Upon the second trial there was a verdict for the defendant, and as the case is presented here we see no sufficient grounds of reversal.

The three assignments of error all relate to the logs in the meadow. We have nothing to do with any other branch of the case.

The portion of the charge embraced in the first assignment is not error, either standing alone or taken in connection with the remainder of the charge. The allegation is, not that it is

[Mountain City, &c. Association *v.* Kearns.]

bad law, but that it misled the jury. It is not so assigned for error however, and we are unable to see that it was misleading. It fairly submitted to the jury the question whether the defendant excluded the plaintiff from any part of the locus in quo, which included the meadow. The jury were further told that if the defendant appropriated any of the logs in the meadow without plaintiff's consent it would be a trespass; but if there was no breach of plaintiff's close and no appropriation of his logs, there could be no recovery. This was well enough, and if the plaintiff desired more specific instructions he should have asked for them.

The second and third assignments allege error in the answers to points. The plaintiff's third point was substantially affirmed. The answer was that if the jury find the facts as stated in the point "then we affirm this point." What the plaintiff has to contend with here is the verdict. The court affirmed his law, but the jury did not find his facts. Nor do we see any material error in the affirmance of the defendant's sixth point. It is true the learned judge inadvertently fell into error when he said the defendant was a bailee of the logs in the meadow, but it was a harmless error. Calling him a bailee when he was not did the plaintiff no injury. The material instruction was that if the logs were placed in the meadow by plaintiff with defendant's permission, that the plaintiff was to remove them at such time as to do no injury to the grass; that if plaintiff failed to remove said logs after a reasonable notice to do so, and the defendant thereupon removed them, he would not thereby become liable in an action of trespass. Here again, if there was any error it was on the part of the jury. The case was left to them with proper instructions, and it is not our province to revise verdicts.

Judgment affirmed.